## HECHT v. JOHNSON.

(June 5, 1889.)

### PAROL EVIDENCE—SALE.

1. In replevin for cattle of a certain brand, it appeared that defendant had conveyed by bill of sale all of the cattle of that brand to B., who, on the following day, reconveyed a portion to defendant. Plaintiff claimed under mesne conveyances from B. of all his interest in the herd, and showed these conveyances in evidence. *Held*, that parol evidence was admissible that B. told his vendee at the time of the sale that defendant had reserved a portion of the cattle, though the bill of sale contained no such reservation.

2. The fact that B. failed to comply with an agreement to rent the brand contained in the conveyance by him to defendant did not prevent title from passing to defendant.

Error to district court.

Replevin by one Hecht against one Johnson. Judgment for defendant, and plaintiff brings error. Affirmed.

*Brown, Blake & Arnold*, for plaintiff in error. *H. V. S. Groesbeck*, for defendant in error.

SAUFLEY, J. The plaintiff in error and below sued the defendant in replevin for six head of cattle. The issue having been properly made, the plaintiff introduced his testimony tending to show his claim of title. The cattle sued for were branded with the pear brand. Johnson sold the herd marked with this brand to Baily, executing a bill of sale. On the following day, by bill of sale duly executed, Baily sold to Johnson 10 head of the same herd, which sale appears to have been made pursuant to and to carry out a parol agreement between these parties, made contemporaneously with the first sale, that the 10 head should be reserved out of the sale of the entire herd. The 10 head were suffered to remain in the possession of Johnson. Subsequently Baily sold all his right, title, and interest in the herd thus branded to Grant & Caldwell. Grant then sold his interest to Caldwell, who sold to Hains, who sold to plaintiff, Hecht. At the conclusion of the testimony the jury found, and very properly, as we think, for the defendant.

It is claimed by plaintiff in error that the court below improperly instructed, and refused to properly instruct, the jury; also that the court erred in the admission of testimony. Grant was permitted to testify, over the objection of plaintiff, that when he purchased the pear brand from Baily the latter then informed him that, in the transaction between himself and Johnson, Johnson had reserved out of the sale 10 head of the cattle. No reservation being made in the bill of sale from Johnson to Baily, counsel contend that such testimony is inadmissible, on the ground that it contradicts the writing. The rule is that parol, contemporaneous evidence is inadmissible to vary or contradict the terms of a valid written instrument, and one of the familiar illustrations given in the books of this rule is that, where a policy of insurance was effected on goods in ship or ships plying between ports, parol evidence was inadmissible to show that a particular ship in the fleet which was lost was verbally excepted at the time of the contract. When the whole scope of this case is considered, it will be apparent that there has been no infraction of this rule. The court had previously refused permission to Johnson to speak of the parol agreement of reservation, but subsequently allowed the introduction of the bill of sale, executed the following day, which was in execution of the agreement. There was surely nothing

legally improper in this. Pending the negotiations between Baily and Grant for the sale and purchase of the residuum of the herd, Baily, with commendable honesty, informed Grant that, while he proposed to sell the pear brand, there were certain parties other than himself, naming Johnson as one, who owned a few head thus branded. The plaintiff himself, to maintain his side of the issue, had introduced his claim of title. He had exhibited the bill of sale from Hains to himself, and the other instruments of conveyance intervening this, as the bill of sale to Grant from Baily. This latter instrument, likewise offered by plaintiff, did not show a sale of the entire herd marked with the pear brand, but only a sale of Baily's interest in the herd thus branded. Under the facts of the case, a bare statement of them is sufficient to show that there was no violation of this rule of evidence.

The bill of sale from Baily to Johnson provided that Baily should rent the pear brand, which it appears that Baily failed to do. Plaintiff offered an instruction, which was refused, predicated on this failure, by which the jury were authorized to find that the title did not pass to Johnson, by reason of this failure. Such is not the law. The clause in the bill reads thus: "Said party of the first part [Baily] hereby agreeing to rent the brand." This is in no sense a clause of defeasance. It would be a fine thing if a vendor could sell an article of property, and in the sale agree to do something, receive the consideration, afterwards fail to perform his own agreement, and then get the property back on the ground of his own laches. With respect to this his vendees are in no better condition than he. The instructions given presented fairly the only issue triable by the jury,—the ownership of the cattle. They may be open to the criticism that they were rather voluminous for so simple a case. Courts, in presenting instructions, should be careful not to duplicate an idea by presenting it in different phraseology in several instructions. By so doing, prominence is given to a feature of the case. A plain, concise statement of what will authorize a finding the one way or the other is all that is needed or proper. No error prejudicial to the rights of plaintiff is perceived, and the judgment below is accordingly affirmed.